**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NRD GP LLC, and NEBULA RESEARCH & DEVELOPMENT LLC,

    *Plaintiffs,*

v.

CENTIVA CAPITAL, LP,

    *Defendant.*

No. 1:24-cv-07245-MMG

**PROTECTIVE ORDER**

---

  The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

  ORDERED that any person or entity subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

  1. Any person or entity subject to this Order who receives from any other person or entity any "Discovery Material" (*i.e.*, information of any kind provided in discovery in this action) that is designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "CONFIDENTIAL" pursuant to the terms of this Order (collectively, "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

  2. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information means information, documents, or things that have not been made public by the producing party and that the producing party reasonably and in good faith believes contains or comprises trade secrets or previously nondisclosed proprietary business information.  That includes information that the producing party reasonably and in good faith believes is so highly sensitive that its disclosure to another could result in significant competitive or commercial disadvantage to the producing party, and may include trade secrets of the producing party.

3. "HIGHLY CONFIDENTIAL – SOURCE CODE" information means any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

4. "CONFIDENTIAL" information means information, documents, and things the producing party reasonably and in good faith believes is not generally known to others, and which the producing party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) constitutes any information of a personal or intimate nature regarding any individual.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such portion as Confidential Discovery Material by stamping or otherwise clearly marking as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility.  With respect to deposition transcripts and exhibits, a producing party or that party's counsel may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "CONFIDENTIAL" by the reporter.

6. If at any time prior to the trial of this action, a producing party realizes that some portion(s) of Discovery Material that that party previously produced without limitation should be designated as Confidential Discovery Material, they may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential Discovery Material under the terms of this Order.

7. No person or entity subject to this Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as "HIGHLY CONFIDENTIAL – SOURCE CODE" to any other person or entity, except to:

   a. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided that such person: (i) is not a past or current employee of a party or of a party's competitor, and at the time of retention, is not anticipated to become an employee of a party or of a party's competitor; (ii) has executed the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A; and (iii) has been previously disclosed to the producing party pursuant to the other provisions of this Order;

d. any witnesses while testifying at hearings, trial, and/or deposition in this action where disclosure is reasonably necessary for this litigation if the witness had prior access to or knowledge of the Discovery Material, provided that (i) any such witness has first executed the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A, and (ii) such witness may not retain copies of the Discovery Material unless permitted by other provisions of this Order. For witnesses at hearings and/or trial who did not have prior access to or knowledge of the Discovery Material by the producing party but to whom disclosure is reasonably necessary for this litigation, counsel for the producing party must be provided with notice and an opportunity to object and/or seek a protective order prior to the disclosure of Discovery Material to such witnesses. Each such witness shall be advised outside the presence of the jury of the existence of this Order and that this Order requires the parties to keep confidential any Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" and must execute the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A; and

e. copying services, translators, litigation support firms including jury consultants, and the Court and its support personnel, as well as court reporters, stenographers, and videographers retained to record testimony taken in this action. Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may also be disclosed to any other person with written, mutual agreement by all parties, such as for example, a mediator. Before any such Discovery Material is disclosed to such third parties, each such person must execute the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A.

8. No person or entity subject to this Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any other person or entity, except to:

a. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. no more than one (1) designated in-house counsel of the receiving party, identified by the receiving party in advance, to whom disclosure is reasonably necessary for this litigation, who are not involved in competitive decision-making or trading decisions for the receiving party, who are identified in this order and who sign a representation that they are not involved in competitive decision-making or trading decisions for the receiving party, and who have signed the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A;

   (1) Centiva identifies the following person as its designated in-house counsel: Adam Johnson.

d. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided that such person: (i) is not a past or current employee of a party or of a party's competitor, and at the time of retention, is not anticipated to become an employee of a party or of a party's competitor; (ii) has executed the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A; and (iii) has been previously disclosed to the producing party pursuant to the other provisions of this Order;

e. any witnesses while testifying at hearings, trial, and/or deposition in this action where disclosure is reasonably necessary for this litigation if the witness had prior access to or knowledge of the Discovery Material, provided that (i) any such witness has first executed the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A, and (ii) such witness may not retain copies of the Discovery Material unless permitted by other provisions of this Order. For witnesses at hearings and/or trial who did not have prior access to or knowledge of the Discovery Material by the producing party but to whom disclosure is reasonably necessary for this litigation, counsel for the producing party must be provided with notice and an opportunity to object and/or seek a protective order prior to the disclosure of Discovery Material to such witnesses. Each such witness shall be advised outside the presence of the jury of the existence of this Order and that this Order requires the parties to keep confidential any Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and must execute the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A; and

f. copying services, translators, litigation support firms including jury consultants, and the Court and its support personnel, as well as court

reporters, stenographers, and videographers retained to record testimony taken in this action. Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may also be disclosed to any other person with written, mutual agreement by all parties, such as for example, a mediator. Before any such Discovery Material is disclosed to such third parties, each such person must execute the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A.

9. No person or entity subject to this Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as "CONFIDENTIAL" to any other person or entity, except to:

   a. the parties to this action;

   b. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   c. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   d. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided that such person: (i) is not a past or current employee of a party or of a party's competitor, and at the time of retention, is not anticipated to become an employee of a party or of a party's competitor; (ii) has executed the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A; and (iii) has been previously disclosed to the producing party pursuant to the other provisions of this Order;

   e. any witnesses while testifying at hearings, trial, and/or deposition in this action where disclosure is reasonably necessary, provided that (i) any such witness has first executed the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A, and (ii) such witness may not retain copies of the Discovery Material unless permitted by other provisions of this Order.

   f. copying services, translators, litigation support firms including jury consultants, and the Court and its support personnel, as well as court reporters, stenographers, and videographers retained to record testimony taken in this action. Discovery Material designated as "CONFIDENTIAL" may also be disclosed to any other person with written, mutual agreement by all parties, such as for example, a mediator. Before any such Discovery Material is disclosed to such third parties, each such person must execute the "Acknowledgement and Agreement to be Bound" form annexed hereto as Exhibit A;

    g.    any other person or entity that the producing party agrees to in writing; and

    h.    any other person that the Court orders be given access.

10. Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to the following additional provisions:

    a.    The disclosing party shall produce Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," if available in electronic form, on up to three (3) copies of password-encrypted CD-ROMs, DVD-ROMs, or portable storage drives. The receiving party shall copy the contents of the CD-ROM, DVD-ROM, or portable storage drive on no more than three (3) computers ("Standalone Computers"). The receiving party shall not make any other copies of the CD-ROMs, DVD-ROMs, or portable storage drives. The Standalone Computers shall (i) not be connected to the internet; (ii) be kept in secure locations at the offices and/or homes of the receiving party's independent experts, consultants, or outside counsel; and (iii) shall not be operated in the presence of any person not approved to receive Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

    b.    A written log shall be maintained by outside counsel of record and independent experts/consultants that records the name of all persons accessing Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," including the date of first access and the person's title, and such written log will be made available for inspection upon request.

    c.    No copies shall be made of Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," whether physical, electronic, or otherwise, except for: (i) electronic copies created on the Standalone Computers, whether temporary copies created in the normal operation of a computer system or output files created from source code analysis tools and/or utilities; (ii) excerpted written and printed portions for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access the designated material; and (iii) such other uses to which the parties may agree or that the Court may order. Any printed copies shall be limited only to those portions of the designated materials for which a printed copy is reasonably needed at the time. Any copies of Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be securely maintained by outside counsel of record and/or the independent experts/consultants, shall be marked "HIGHLY SENSITIVE SOURCE CODE" on each page, shall be printed on bright yellow paper (*e.g.*, goldenrod or canary yellow), and shall be destroyed as soon as they are no longer needed.

6

11. Before Confidential Discovery Material of the producing party is disclosed to any person retained by a receiving party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, the receiving party must first make a request to the producing party that contains the following: (i) the person's full name and the city and state of his or her primary residence; (ii) the person's current resume; (iii) each person or entity from whom the person has received compensation or funding for work in his or her areas of expertise or to whom the person has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iv) each litigation (by name and number of the case, filing date, and location of court) in connection with which the person has offered expert testimony during the preceding five years; and (v) an executed copy of "the Acknowledgement and Agreement to be Bound" in the form annexed hereto.

    a. The receiving party may disclose Confidential Discovery Material of the producing party unless, within 7 days of delivering the request, the receiving party receives a written objection from the producing party. Any such objection must set forth in detail the grounds on which it is based.

    b. The parties must meet and confer to try to resolve the matter by agreement within 5 days of the written objection. If no agreement is reached, the receiving party may seek permission from the Court. Any such request must describe the circumstances with specificity, set forth in detail the reasons why the disclosure is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. Any such request must also set forth the reasons advanced by the producing party for its refusal to approve the disclosure.

12. Nothing in this Order shall restrict in any way a producing party's use or disclosure of its own Confidential Discovery Material.

13. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

14. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or

request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases.

15. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential Discovery Material. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Discovery Material or information contained in any Confidential Discovery Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

16. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within four (4) business days, return or destroy all copies of the Inadvertently Disclosed Information and any notes or summaries referring or relating to the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

19. Within 5 business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

21. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the

21. right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

22. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be promptly returned to the producing party, or, upon permission of the producing party, destroyed with certification from counsel that all such Confidential Discovery Material has been returned or destroyed.

23. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: December 6, 2024

*/s/   Douglas R. Nemec*

Douglas R. Nemec
Patrick G. Rideout
Julie E. Cohen
Eliza S. Edlich
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
douglas.nemec@skadden.com
patrick.rideout@skadden.com
julie.cohen@skadden.com
eliza.edlich@skadden.com

*Attorneys for Plaintiffs NRD GP LLC and Nebula Research & Development LLC*

*/s/ May Chiang* (with consent)

May Chiang
Arielle Dragon
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
may.chiang@dechert.com
arielle.dragon@dechert.com

Martin Black
Dechert LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
martin.black@dechert.com

*Attorneys for Defendant Centiva Capital, LP*

**SO ORDERED.**

**Date:** December 9, 2024

**MARGARET M. GARNETT**
**United States District Judge**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

NRD GP LLC, and NEBULA RESEARCH & DEVELOPMENT LLC,

        *Plaintiffs,*

v.

CENTIVA CAPITAL, LP,

        *Defendant.*

No. 1:24-cv-07245-MMG

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

---

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "CONFIDENTIAL" (collectively, "Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and in accordance with the Protective Order, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

  Dated: _____                    _____